IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| JACKIE BRONSON | ) |
|  | ) |
|  | )  Civil Action No. |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| CITI MORTGAGE, INC. | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

## COMPLAINT

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* (hereafter the "TCPA"), and other common law claims. These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## PARTIES

2. Plaintiff Jackie Bronson is an adult individual residing at 2216 Southeast 4th Street, Boynton Beach, Florida 33435.

3. Defendant Citi Mortgage, Inc. is a business entity which regularly conducts business in the Southern District of Florida with its principal office located at MS 945, 1000 Technology Drive, O'Fallon, Missouri 63368-2240.

## JURISDICTION AND VENUE

4. The matter in controversy here exceeds $75,000.00.

5. Jurisdiction of this Court arises under 28 U.S.C. § 1332.

6. Venue lies in this district pursuant to 28 U.S.C. § 1391(a).

## FACTUAL ALLEGATIONS

7. At all pertinent times hereto, Defendant was collecting a debt purportedly owed to Defendant (hereafter the "debt").

8. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

9. At all times material hereto and relevant hereto, Plaintiff did not owe the debt to Defendant and has never owed a debt to Defendant.

10. At all times relevant hereto, Defendant contacted Plaintiff by using automated and/or prerecorded voice technology to Plaintiff's cellular telephone in an attempt to collect the debt.

11. In or around January 2011, Defendant began contacting Plaintiff on Plaintiff's cellular telephone approximately 4-5 times daily in an attempt to collect a debt owed by "Alexandra". Plaintiff repeatedly advised Defendant on many occasions that she is not "Alexandra", that she doesn't have an account with Citi Mortgage, and to cease contacting her cellular telephone.

12. Notwithstanding the above, Defendant has repeatedly continued to contact Plaintiff on her cellular telephone by using artificial and/or prerecorded messages in an attempt to collect the debt in spite of Plaintiff's admonitions.

13. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

14. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

15. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, emotional and mental pain and anguish, embarrassment, humiliation, damage to reputation and pecuniary loss and will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – VIOLATIONS OF THE TCPA

16. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

17. At all times relevant hereto, Defendant used, controlled and/or operated "automatic telephone dialing systems" as defined by §227(a)(1) of the TCPA.

18. Defendant initiated multiple calls to Plaintiff's telephone line using artificial and or prerecorded voices to deliver messages without express consent of Plaintiff in violation of 47 U.S.C. §§ 227(b)(1)(A)(3) of the TCPA.

19. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent from bona fid error, lawful right, legal defense, legal justification, or legal excuse.

20. As a result of the above violation of the TCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages, and treble damages.

## COUNT II – INVASION OF PRIVACY

21. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22. Defendant's conduct, including but not limited to attempting to collect a debt that Plaintiff does not owe by using artificial and/or prerecorded messages directed to Plaintiff's cellular telephone despite being advised on numerous occasions that Plaintiff did not owe the debt, constitutes an invasion of privacy.

23. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to compensate the Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

## JURY TRIAL DEMAND

24. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that relief be granted as follows:

(a) Actual damages;

(b) Statutory damages;

(c) Treble damages;

(d) Punitive damages;

(e) Costs and reasonable attorney's fees; and

(f) Such other and further relief as may be just and proper.

Respectfully Submitted,

/s/ Adam J. Knight
Adam J. Knight, Esq.
Florida Bar Number 69400
Attorney for the Plaintiff

Henry W. Hicks, P.A.
3003 West Azeele Street, Suite 200
Tampa, Florida 33609
Tele. 813.876.3113
Fax. 813.871.9202
aknight@titlemark.net